UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

FRANCIS DONALD COTA,

        Petitioner,        Case No. 1:05-cv-477

v.        Honorable Richard Alan Enslen

LINDA M. METRISH,

        Respondent.
_____/

### REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 10 to 25 years, imposed by the Kent County Circuit Court on December 8, 1997, after Petitioner pleaded guilty to one count of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(a), as a fourth felony offender, MICH. COMP. LAWS § 769.12. In his amended *pro se* petition and brief, Petitioner raises five grounds for relief, as follows:

    I.    PETITIONER'S GUILTY PLEA IS INVALID UNDER THE DUE PROCESS CLAUSE OF BOTH THE STATE AND FEDERAL CONSTITUTIONS, ARTICLE 1, SUBSECTION 17 OF THE MICHIGAN CONSTITUTION OF 1963; UNITED STATES CONSTITUTION AMENDMENT XIV, BECAUSE IT WAS NOT ENTERED IN A COMPLETELY VOLUNTARY, KNOWING, AND INTELLIGENT MANNER BECAUSE PETITIONER'S GUILTY PLEA IN 17TH CIRCUIT COURT CASE NO. 97-05727-FH WAS COERCED BY THE TRIAL COURT JUDGE'S PARTICIPATION IN OFF-THE-RECORD PLEA AND SENTENCE NEGOTIATIONS WITH THE PETITIONER ON SEPTEMBER 29, 1997 BEFORE ACCEPTING PETITIONER'S GUILTY PLEA.

II. PETITIONER'S GUILTY PLEA IS INVALID UNDER THE DUE PROCESS CLAUSE OF BOTH THE STATE AND FEDERAL CONSTITUTIONS, ARTICLE 1, SUBSECTION 17 OF THE MICHIGAN CONSTITUTION OF 1963; UNITED STATES CONSTITUTION AMENDMENT XIV, BECAUSE IT WAS NOT ENTERED IN A COMPLETELY VOLUNTARY, KNOWING, AND INTELLIGENT MANNER BECAUSE PETITIONER'S GUILTY PLEA IN 17TH CIRCUIT COURT CASE NO. 97-05727-FH WAS INDUCED BY AND BASED ON A PLEA BARGAIN THAT WAS ILLUSORY AS A MATTER OF LAW.

III. PETITIONER'S GUILTY PLEA IS INVALID UNDER THE DUE PROCESS CLAUSE OF BOTH THE STATE AND FEDERAL CONSTITUTIONS, ARTICLE 1, SUBSECTION 17 OF THE MICHIGAN CONSTITUTION OF 1963; UNITED STATES CONSTITUTION AMENDMENT XIV, BECAUSE IT WAS NOT ENTERED IN A COMPLETELY VOLUNTARY, KNOWING, AND INTELLIGENT MANNER BECAUSE PETITIONER'S GUILTY PLEA IN 17TH CIRCUIT COURT CASE NO. 97-05727-FH WAS INDUCED BY AND BASED ON ERRONEOUS AND INACCURATE INFORMATION SUPPLIED TO PETITIONER BY HIS DEFENSE ATTORNEY.

IV. PETITIONER'S GUILTY PLEA MUST BE REVERSED AND HIS SENTENCE IN 17TH CIRCUIT COURT CASE NO. 97-05727-FH MUST BE VACATED BECAUSE THE TRIAL COURT JUDGE AND PROSECUTING ATTORNEY VIOLATED PETITIONER'S CONSTITUTIONAL GUARANTEE TO DUE PROCESS PROVIDED BY THE STATE AND FEDERAL CONSTITUTIONS, ARTICLE 1, SUBSECTION 17 OF THE MICHIGAN CONSTITUTION OF 1963; UNITED STATES CONSTITUTION AMENDMENTS V, [XIV], WHEN THEY BREACHED THE TERMS OF THE PLEA AGREEMENT AND THEN REFUSED TO PERMIT PETITIONER TO WITHDRAW HIS GUILTY PLEA.

V. PETITIONER'S GUILTY PLEA MUST BE REVERSED AND HIS SENTENCE IN 17TH CIRCUIT COURT CASE NO. 97-05727-FH MUST BE VACATED BECAUSE THE TRIAL COURT JUDGE AND PROSECUTING ATTORNEY VIOLATED PETITIONER'S CONSTITUTIONAL GUARANTEE TO DUE PROCESS PROVIDED BY THE STATE AND FEDERAL CONSTITUTIONS, ARTICLE 1, SUBSECTION 17 OF THE MICHIGAN CONSTITUTION OF 1963; UNITED STATES CONSTITUTION AMENDMENTS V, [XIV], WHEN THEY BREACHED THE TERMS OF THE PLEA AGREEMENT AND THEN TRIAL COURT REFUSED PETITIONER'S POSTAPPEAL MOTION FOR RE-SENTENCING WITH SPECIFIC PERFORMANCE OF

THE PLEA AGREEMENT AS A SUCCESSIVE POSTAPPEAL MOTION
FOR RELIEF FROM JUDGMENT.

Respondent has filed an answer to the petition (docket #19) stating that the grounds should be denied because they were waived by Petitioner's entry of a guilty plea and his representations during the plea colloquy. Upon review and applying the AEDPA standards, I find that Petitioner's grounds are either waived or noncognizable state-law claims. Accordingly, I recommend that the petition be denied.

### Procedural History

#### A. Trial Court Proceedings

The state prosecution for statutory rape arose from Petitioner's sexual relations with a 15-year-old girl. Petitioner was charged with one count of third-degree criminal sexual conduct (CSC III). A supplemental information was filed charging petitioner as a fourth habitual offender and as a second sexual offender. Following a preliminary examination on May 28, 1997, he was bound over on those charges.

Petitioner pleaded guilty on September 29, 1997, the date scheduled for trial. Ordinarily, under Kent County Circuit Court Administrative Rule 1995-18, no plea agreements reducing the charges are accepted on the day of trial. (6/9/97 Pre-Trial Notice Letter, docket #38.) Nevertheless, after discussions between the prosecutor, defense counsel and the court on September 29, 1997, Petitioner was permitted to plead guilty to the CSC III charge and to his choice of the charges of being a fourth felony offender, which carried a possible sentence up to life imprisonment, or being a second sexual offender, which carried a minimum five-year sentence. Petitioner chose to plead guilty to being a fourth felony offender. (6/2/99 Ord. Denying Mot. to Withdraw Plea at 4, docket #96; Plea Tr. at 4, docket #41.)

On December 8, 1997, Petitioner was sentenced to a term of imprisonment of 10 to 25 years. (Sentencing Transcript, (S. Tr.), 15, docket #49.)

### B. Direct Appeal

Petitioner requested the appointment of appellate counsel on December 8, 1997. On December 7, 1998, assigned appellate counsel filed in the circuit court a motion to withdraw Petitioner's guilty plea under MICH. CT. R. 6.311, claiming that the guilty plea was based on an illusory plea bargain and that defense counsel had promised Petitioner leniency in exchange for his plea. On May 4, 1999, Petitioner filed a supplemental brief in support of the motion, arguing that the trial court impermissibly participated in plea negotiations barred by Michigan law; that his guilty plea was induced by an illusory sentencing benefit; that his guilty plea was not knowing or intelligent; and that the trial judge and prosecutor breached the terms of the plea agreement. Following an evidentiary hearing, the court denied the motion to withdraw the plea in a written order issued June 2, 1999.

Counsel filed an application for leave to appeal on June 22, 1999, arguing that the trial court had erred in denying the motion to withdraw the plea because the plea was illusory, because the court had participated in the plea negotiations, and because Petitioner was improperly convicted as a fourth felony offender. (Appellant Br., docket #97.) On July 19, 1999, Petitioner filed a pro per supplemental brief arguing that the plea was illusory; that the plea was not entered knowingly or intelligently; that the judge failed to honor the terms of the plea agreement; that he was denied the effective assistance of counsel; and that the court erred in relying upon local court rule 1995-18 in refusing to accept the original plea offer that would have dismissed both the fourth felony offender and the second sexual offender supplements. By unpublished order issued on

November 23, 1999, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. (*See* 11/23/99 Mich. Ct. App. Ord. ("MCOA Ord."), docket #97.)

Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court on December 10, 1999, raising nine arguments, including those raised in the Michigan Court of Appeals, as well as some variations on those arguments. (Docket #98.) By order entered September 19, 2000, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (See Mich. Ord., docket #98.)

### C. Post-conviction relief

On November 20, 2000, Petitioner filed with the circuit court a post-appeal motion for re-sentencing with specific performance of the plea agreement. The court initially denied the motion on April 9, 2001, on the grounds that Petitioner had failed to appear for oral argument, although the court had neglected to issue a writ of habeas corpus permitting that appearance. On February 16, 2005, the circuit court judge denied a renewed motion, concluding that the initial denial was improvident, but further concluding that the motion was prohibited as a successive post-appeal motion for relief from judgment under MICH. CT. R. 6.500.[1] (Pet. Ex. 11.) Petitioner did not appeal the February 16, 2005 decision. He filed the instant petition on July 13, 2005.

---

[1] During the intervening years, Petitioner had twice filed an action for superintending control to obtain a ruling from the circuit court on his pending motion.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 547 U.S. 1200 (2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it

would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001). A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir.

1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

### Discussion

All of Petitioner's habeas grounds involve the constitutional validity of his guilty plea and the state court's refusal to allow him to withdraw or alter his plea. In his first three grounds for habeas relief, Petitioner asserts that his guilty plea did not meet the requirements of the Fifth Amendment because it was not voluntary, knowing or intelligent, in that it was (a) coerced by the trial court's participation in plea negotiations, (b) illusory, and (c) induced by and based on erroneous information provided by defense counsel. His remaining two grounds assert that the trial court erred in denying his motions to withdraw the plea and for specific enforcement of the plea agreement.

A solemn declaration of guilty by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976); *Peveler v. United States*, 269 F.3d 693, 702-03 (6th Cir.2001); *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999). It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Moreover, a state defendant has no constitutionally guaranteed right to withdraw a guilty plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). The only constitutional challenge that a habeas court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards first set forth by the Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). The propriety of a guilty plea is assessed by reviewing the totality of the circumstances surrounding the plea. *Brady v. United States*,

397 U.S. 742, 748-49 (1970). A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady*, 397 U.S. at 748. In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state-court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 506 U.S. 20, 29-30 (1992).

> I. <u>Voluntary, Knowing and Intelligent Waiver</u>

Petitioner asserts that his guilty plea failed to meet the requirements of federal due process because it was not knowing, intelligent or voluntary.

In relevant part, the plea transcript provides:

THE COURT: May I understand what, if anything, may be the plea offer in this case?

MR. BRAMBLE: Your Honor, as this is a day of trial plea and the Court under the 42 Day Rule, as we call it, cannot accept any plea offers or reductions, it's my understanding the defendant is going to plead as charged to the criminal sexual conduct, third offense, as well as being a fourth felony offender. It's further my understanding that the supplemental Information charging the defendant as a second sexual offender will need to be dismissed.

In addition, I think there are other counts of criminal sexual conduct in the third degree that could be charged, and we would agree not to charge him on those as well, involving this victim.

MR. PYRSKI: That's my understanding of the agreement, your Honor.

. . .

BY THE COURT . . .

Q How far have you gone in school?

A To the 11th grade.

Q Can you read and write the English language without any difficulty?

A Yes.

Q If at any time I say something that you do not hear or understand, or if you're given something to read which you cannot read, will you let me know, please?

A Yes.

Q You're here today on this your day of trial to answer to criminal charges brought against you by the People of the State of Michigan. Do you understand that and why you're here?

A Yes.

Q With you is your attorney, John Pyrski. He's an attorney licensed to practice law, an attorney in good standing. Have you had the chance to speak with him and receive his advice before we proceed?

A Yes, I have.

Q You have heard the reading of the information charging you with the offense of criminal sexual conduct in the third degree, and also advising you that you're a fourth felony offender. Do you understand what's been read and the charge against you?

A Yes, I do.

Q Do you intend to plead guilty to this offense?

A   Yes.

Q   If you plead guilty or are convicted as a result of trial, the maximum possible sentence that could be imposed for criminal sexual conduct in the third degree and as a fo[u]rth felony offender is up to life in prison. You will not be punished or rewarded, depending on what plea you make. Do you understand that?

A   Yes.

Q   If your plea is accepted, then you will not have a trial of any kind, so you'll be giving up the rights you would have at a trial, including the following rights: The right to trial by jury, or trial by the judge alone without a jury if you want, provided the judge and the prosecutor agree; the rights to be presumed innocent until proved guilty, and to have the prosecutor prove beyond a reasonable doubt that you are guilty; the rights to have the witnesses against you appear at the trial, to question the witnesses against you, and to have the court order any witnesses you have for your defense to appear at the trial; the rights to remain silent during trial, to not have your silence used against you, and to testify at the trial if you want to testify.

   If I accept your plea of guilty today, you're giving up any claim in the future that it wasn't your own choice to plead guilty. If accept your plea of guilty today, you're giving up any claim in the future that this plea was because of some kind of promise or threat that wasn't put on the record in open court. Any appeal of your plea or your sentence is by permission given by the Court of Appeals. Based on your guilty plea, they may not give you that permission.

   Now, do you understand all those rights?

A   Yes.

Q   Do you have any questions about any of your rights?

A.   No.

Q   Do you give up all these rights so that you can plead guilty?

A.   Yes.

Q   To the offense of criminal sexual conduct in the third degree, how do you plead?

A       Guilty.

Q       Excuse me one moment.  Now did you hear what the prosecutor said with regard to the plea bargain?

A       Yes.

Q       And that your attorney agreed concerning the nature of it?

A       Yes.

Q       Is that the entire plea agreement, as you understand it?

A       Yes, it is.

Q       Has anybody promised you anything else?

A       No.

Q       Has anyone threatened you to get you to plead?

A       No.

Q       Is it your own choice to plead guilty?

A       Yes, it is.

Q       On April 22nd, 1997, did you have sexual intercourse with Angie Lea Berg at 2684 Donna Street in the City of Grandville?

A       Yes.

Q       At the time Angie Berg was 15 years of age?

A       Yes, she was.

Q       And are you the same person who on August 25th, 1993 was convicted of assault with intent to do criminal sexual conduct involving penetration in Kent County Circuit Court case number 93-60876-FH?

A       Yes.

> Q       And are you the same person who on or about August 24, 1993 was convicted of receiving and concealing stolen property over the value of a hundred dollars in Kent County Circuit Court case number 93-60921-FH?
>
> A       Yes.
>
> Q       And are you the same person who on or about October 22nd, 1991 was convicted of attempted breaking and entering of a motor vehicle in Kent County Circuit Court case number 91-55644-FH?
>
> A       Yes.
>
> . . .
>
> THE COURT:  I will state for the record that I have agreed to nothing with anyone in respect to this plea or possible sentence.  I'm convinced the plea is understanding, voluntary, and accurate.  I find that the defendant is in fact guilty of the offense to which he's pleading.  I therefore accept his plea of guilty and direct that such plea be entered.  A presentence investigation is ordered.

(Plea Tr. 6-11, docket #41.)

The plea colloquy reveals that Petitioner expressly denied that he had been made any promises of a possible sentence.  He acknowledged that he understood that, by pleading guilty, he would be barred from later complaining that the plea was entered "because of some kind of promise or threat that wasn't put on the record in open court." (Plea Tr. 8-9.)  He also acknowledged that he could receive a maximum possible sentence of life imprisonment. (Plea Tr. 7.)  In addition, he acknowledged that he understood that he would not be punished or rewarded, depending on the plea he made. (*Id.*)  Further, both the prosecutor and defense counsel stated on the record that they were aware of no "promises, threats, or inducements other than that stated for the record." (Plea Tr. 10.)

The plea colloquy, therefore, amply demonstrated Petitioner's admission that his plea was voluntary, knowing and intelligent.  Further, the trial court's finding that the plea was voluntary, knowing and intelligent is entitled to a presumption of correctness, which Petitioner has failed to

overcome by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656.

The question of whether the plea was knowing and intelligent was again considered by the trial court on Petitioner's motion to withdraw the plea. The court specifically considered and rejected Petitioner's claims that he believed he had been promised a six-month sentence and that his defense attorney had been ineffective in advising him and had misrepresented the likely sentence. (6/2/99 Ord. Denying Mot. to Withdraw Guilty Plea, docket #46.) The court also rejected Petitioner's assertion that the plea bargain was illusory. (*Id.* at 4.) The court found that Petitioner was permitted to choose which of the two supplements would be dismissed. The court concluded that, in choosing to dismiss the second sexual offender supplement, which carried a mandatory five-year term, Petitioner had rationally gambled that he would be sentenced to less than five years. The fact that he was wrong did not render the agreement illusory. (*Id.*) Moreover, the court found that the likelihood of conviction on the strict liability offense of statutory rape was substantial. At the time Petitioner chose to enter the plea, he was facing a trial, for which the obviously underaged victim had appeared to testify. The court further found that Petitioner raised no substantial claim that he was innocent. (*Id.*)

Based on the facts presented at the hearing and the record before the court, the court rejected Petitioner's claim that his attorney had rendered ineffective assistance of counsel or that Petitioner's plea was not knowing or intelligent. The court's findings on the motion to withdraw the plea are entitled to a presumption of correctness under the AEDPA. Those findings were clearly reasonable under the AEDPA.

Petitioner's remaining argument concerning the constitutionality of his guilty plea is that it was not voluntary because it was coerced by the trial court's participation in plea negotiations. In support of his argument, he cites *People v. Killebrew*, 330 N.W.2d 834, 840-41 (Mich. 1982). In *Killebrew*, the Michigan Supreme Court concluded that, in light of the potentially coercive pressure of a judge's involvement in plea negotiations, Michigan required that judicial involvement be kept at a minimum. *Id.*

Petitioner's claim that his plea was involuntary because he was coerced by the trial court's participation in the plea agreement is meritless. First, as a factual matter, Petitioner's contention that the judge was substantially involved in plea negotiations distorts the facts. According to the factual summary contained in the opinion denying Petitioner's motion to withdraw the plea a (docket #46), which Petitioner has not disputed, the trial judge's involvement in the ultimate plea agreement was extremely limited. Petitioner entered into an agreement with the prosecutor on the day of trial in which he agreed to plead to the CSC-III charge in exchange for dismissal of the two supplements. All parties were aware, however, that the trial court would not accept a plea to reduced charges on the date of trial. As a consequence, the negotiations with the judge were for the purpose of convincing the judge to accept a plea to reduced charges, not for the purpose of the judge convincing Petitioner to accept a particular plea agreement. The court ultimately permitted Petitioner, if he decided to plead guilty, to choose which of the two supplements he would have dismissed and which continued. The court expressly stated for the record that it had not agreed with anyone as to the possible plea Petitioner chose to accept or as to any potential sentence. (Plea Tr. 11.) In addition, the court carefully instructed Petitioner that he

would not be rewarded or punished depending on his plea. (Plea Tr. 7.) In the context, the court's involvement bore absolutely no potential for being coercive.

Second, as a legal matter, the Supreme Court has never held that involvement by a trial judge in a defendant's decision to plead guilty violates due process. In *Brady*, 397 U.S. at 751 n.8, the Supreme Court reserved the question whether judicial involvement might violate the Fifth Amendment where "the trial judge threatened [the defendant] with a harsher sentence if convicted after trial in order to induce him to plead guilty." *Id.* That situation, however, is not implicated in the instant case. Instead, the trial court unequivocally advised Petitioner that his choice to plead guilty would not be punished or rewarded depending on his choice of plea, and the court disavowed any involvement in the plea or possible sentence.

The Sixth Circuit has recognized that Rule 11 of the Federal Rules of Criminal Procedure "prohibit[s] judicial participation in plea negotiations in the case of federal defendants because the 'judge's participation in plea negotiation is inherently coercive.'" *Alvarez v. Straub*, 21 F. App'x 281, 283 (6th Cir. 2001) (quoting *United States v. Barrett*, 982 F.2d 193, 194 (6th Cir. 1992)). The circuit has held, however, that "because it is not a constitutional rule, 'Rule 11's unqualified prohibition of judicial involvement in plea bargaining will not necessarily invalidate every instance of judicial participation in the negotiation of a guilty plea in state court.'" *Alvarez*, 21 F. App'x at 283 (quoting *Frank v. Blackburn*, 646 F.2d 873, 880 (5th Cir. 1980)). As a result, a federal court on habeas review may only set aside a guilty plea which fails to satisfy due process; that is, it may only set aside pleas that are not knowing, intelligent and voluntary. *Id.*

Here, as previously discussed, the circumstances underlying Petitioner's guilty plea amply support the state courts' conclusions that the guilty plea was knowing, intelligent and voluntary. As a consequence, I recommend that the Petitioner's Fifth Amendment claims be denied.

II. Violations of State Law

Petitioner argues that his plea was not knowing, intelligent or voluntary under the Michigan Constitution. He further argues that the trial judge violated MICH. CT. R. 6.302(C)(1), (2), which strictly prohibits a trial judge from engaging in plea and sentence negotiations.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry as to whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. As a consequence, Petitioner's state-law claims are not cognizable on habeas review.

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.


Date: April 9, 2008                             /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).