UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRANCIS DONALD COTA,

      Petitioner,

Case No. 1:05-CV-477

v.

Hon. Richard Alan Enslen

LINDA M. METRISH,

**FINAL ORDER**

      Respondent.

_____/

This matter is before the Court on Petitioner Francis Donald Cota's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of April 9, 2008, which recommended dismissal of Petitioner's Petition for Writ of Habeas Corpus. In making the determination whether an evidentiary hearing is necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claims." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (citation omitted); *cf. Townsend v. Sain*, 372 U.S. 293, 312–13 (1963). In this case, an evidentiary hearing is not necessary because it would not advance Petitioner's claims. Moreover, the Court discerns no reason for oral argument. *See* W.D. Mich. LCivR 72.3(b). Accordingly, the Court reviews the Objections, the Report, and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C).

Habeas relief, since 1996, has been limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.,* which provisions are applicable to this case. AEDPA provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As reflected in the statutory language, there are three avenues for habeas relief: (1) for decisions "contrary" to federal law; (2) for an "unreasonable application" of federal law; and (3) for an "unreasonable determination of the facts." *Id.* Under the caselaw of the United States Supreme Court and the Sixth Circuit Court of Appeals, a state court decision is "contrary to" federal law only when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000); *see also Biros v. Bagley*, 422 F.3d 379, 386 (6th Cir. 2005) (following *Williams*). A state court decision is an "unreasonable application" of federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Biros*, 422 F.3d at 386; *Bugh v. Mitchell,* 329 F.3d 496, 500 (6th Cir. 2003). If a state court has failed to review a particular claim, AEDPA's

deferential standard does not apply so courts must conduct a *de novo* review. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

Petitioner's habeas claims all involve the constitutional validity of his guilty plea and the state trial court's refusal to allow him to withdraw or alter his plea. In order to satisfy the dictates of due process, a guilty plea must be a voluntary, knowing, and intelligent act. *Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Spires*, 946 F.2d 896, No. 90-1864, 1991 WL 211281, at *1 (6th Cir. 1991). At a minimum, the defendant must have a "sufficient awareness of the relevant circumstances and likely consequences" of his plea. *Brady*, 397 U.S. at 748. The Report provides a detailed summary of Petitioner's claims as well as the legal landscape surrounding the same. Petitioner's Objections raise no issues not addressed in the Report. For the reasons set forth in the Report and upon inspection of Petitioner's plea colloquy, the Court finds that Petitioner's guilty plea was voluntary, knowing, and intelligent. Accordingly, the Court rejects Petitioner's Objections regarding his federal claims.[1]

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the Supreme Court's determinations in *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve

---

[1] The Report correctly noted that Petitioner's state law claims are not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

encouragement for some other reason.  Upon review of the issues raised, the Court determines that this standard is not met as to any of the grounds for relief asserted in the Petition for Writ of Habeas.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Francis Donald Cota's Objections (Dkt. No. 116) are **DENIED**, the Report and Recommendation (Dkt. No. 112) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 2, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |